

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FREDERICK MOORE, Administrator and Personal Representative of the Frederick Grady Estate<br>    Plaintiff,<br><br>v.<br><br>OFFICER LEO MORALES, Star #4479, OFFICER LUIS GARZA, Star #18948, OFFICER DONALD TULEJA, Star #3849, SERGEANT D. BOYLE, Star #1294, CAPTAIN R. MILLER, Star #115, JOSEPH PALMSONE, Star #309119, and DEMETRIUS WILLIAMSON, Star #305598, Individually and in their Official capacity as City of Chicago Police Officers and/or employees of the Chicago Police Department.<br>    Defendants. | No. 04 C 2545<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

This case arises out of the tragic death of Frederick Grady ("Mr. Grady") on April 8 or 9, 2003, while he was in the custody of several officers and employees of the Chicago Police Department. Plaintiff, Frederick Moore ("Moore"), as Mr. Grady's eldest son and the administrator of Mr. Grady's estate, brings suit under 42 U.S.C. § 1983. Moore filed his initial complaint on April 9, 2004, and his current fifth amended complaint on October 7, 2005. Moore claims that Mr. Grady suffered physical pain, significant bleeding, and death as a result of the defendants' use of excessive force or, in the alternative, as a result of the defendants' deliberate indifference to Mr. Grady's medical needs.

Moore's first four complaints named only two individual defendants - officers Leo Morales and Luis Garza, who are not parties to this motion. In the fifth amended complaint,

Moore added five defendants–Officer Donald Tuleja, Sergeant Dennis Boyle, Captain Raymond Miller, Detention Aide Joseph Palmsone, and Detention Aide Demitrius Williamson (collectively "Defendants")–who have joined in a motion to dismiss Moore 's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Defendants allege the complaint is time-barred as to them under Illinois' two-year statute of limitations for personal injury claims.  In response, Moore argues that the discovery rule, equitable tolling, equitable estoppel, and fraudulent concealment bar the statute of limitations defense from applying.  For the reasons set forth below, the Court denies this motion.

## FACTS[2]

On April 8, 2003, Mr. Grady was arrested by Chicago Police officers Leo Morales and Luis Garza for criminal trespass. (R. 86, Compl. at 4.).  Mr. Grady had entered the landowner's property to retrieve his construction tools which were inside Mr. Grady's van on the lot.  (*Id.*)  When Mr. Grady attempted to remove his tools from the van, the landowner prevented him from doing and called the police.  (*Id.*)  The police arrested Mr. Grady and transported him to the 12th District Police Station where he was processed.  (*Id.* at 5.)  While in the lock up area, Officer Tuleja performed a visual check of Mr. Grady and noted on the arrest report that Mr. Grady had

---

[1]While Moore's complaint is against the defendants individually and in their official capacity as City of Chicago Police Officers, the Supreme Court has recognized by the Supreme Court that "a suit against a government officer in his official capacity is actually a suit against the government for which the officer works." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Therefore, since the City of Chicago is no longer a party to the suit, claims against the Defedants are only in their individual capacities. *Id.* ("a municipality cannot be held liable solely because it employs a tortfeasor").

[2]The facts recited here are taken from Moore's fifth amended complaint, which the Court accepts as true for purposes of this motion to dismiss. *Dawson v. Newman*, 419 F.3d 656, 658 (7th Cir. 2005).

2

no signs of pain or injury. (*Id.*) Furthermore, Detention Aide Williamson performed a search of Mr. Grady and Detention Aide Palmsone took Mr. Grady's photograph and fingerprints. (*Id.*) Neither noted any injuries or lacerations about Mr. Grady's right hand or head. (*Id.*) Moore alleges two alternative theories, that either Mr. Grady had abrasions on his head, neck, and right hand prior to being arrested and the defendants were deliberately indifferent to him; or in the alternative, defendants inflicted the injuries on Mr. Grady while he was in their custody at the police station. (*Id.*)

Under the deliberate indifference claim, Moore alleges that while processing Mr. Grady, the defendants failed to notice "open, obvious, and significant bleeding" coming from his bandaged right hand and the abrasions on his head and neck. (*Id.* at 5.) Defendants then failed to provide proper medical treatment for these injuries and directed Mr. Grady to go to his cell without proper medical treatment. (*Id.*)

Under the alternative facts, defendants Palmsone and Williamson conspired to beat Mr. Grady in the head, neck, and shoulders. (*Id.* at 6.) Prior to the beating, Mr. Grady did not have a weapon and was not engaging in any unlawful activity. (*Id.*) Defendants Palmsone and Williamson then used excessive force on Mr. Grady while defendants Tuleja, Boyle, and Miller either observed or became aware of the beating and did nothing to intervene or aid him. (*Id.* at 7.) Defendants Boyle and Miller then failed to summon emergency personnel. (*Id.*) Mr. Grady died as a result of his injuries, within hours of being taken into the custody of the defendants. (*Id.* at 6.)

## LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which

relief can be granted. In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in Moore 's favor. *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). The Court will grant a motion to dismiss only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Phelan v. City of Chicago,* 347 F.3d 679, 681 (7th Cir. 2003). In determining whether a complaint ought to be dismissed, the district court considers "the allegations that are contained in it and all reasonable inferences drawn from it in favor of the nonmovant. The facts asserted in the memorandum in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they 'could be proved consistent with the allegations.'" *Dausch v. Rykse,* 52 F.3d 1425, 1428 (7th Cir. 1994) (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

## ANALYSIS

Defendants argue that the statute of limitations bars Moore from naming them as defendants because the claims against these defendants do not relate back to Moore's original complaint. Federal Rule of Civil Procedure 15(c)(3) permits a plaintiff to amend his complaint by adding parties "where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir. 1993). Rule 15(c)(3) does not "provide for relation back under circumstances, such as [where] the plaintiff fails to identity the proper party." *King v. One Unknown Fed. Correctional Officer,* 201 F.3d 910, 914 (7th Cir. 2000).

The statute of limitations, however, is an affirmative defense and "is rarely a good reason to dismiss under Rule 12(b)(6)." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004). In a motion to dismiss, "the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations." *Id.* at 768 (*quoting Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 80 (7th Cir. 1992)) (emphasis in original). "A plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint." *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) (*quoting Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999)). Moore asserts four theories that, if proven, would establish a defense to the statute of limitations: the discovery rule, fraudulent concealment, equitable estoppel, and equitable tolling.[3]

## A. The Discovery Rule

Defendants assert that the statute of limitations began to run when Mr. Grady died on either April 8, 2003, or the early morning hours of April 9, 2003. In contrast, Moore argues that the statute of limitations began to run when he acquired sufficient conflicting information through discovery to realize that Mr. Grady did not die from natural causes.

Section 1983 does not contain an express statute of limitations; therefore, federal courts have adopted the forum state's statute of limitations for personal injury claims. *Fillmore v. Page*, 358 F.3d 496, 508 (7th Cir. 2004). In Illinois, the statute of limitations is two years "after the cause of action accrued." 735 ILCS 5/13-202 (2005). Under the defendants' standard, Moore could not have amended his complaint for the fifth time on October 7, 2005, to add them as

---

[3]Since this motion is decided on the basis of the discovery rule and the equitable tolling doctrine, the Court need not reach Moore's other theories of fraudulent concealment and equitable estoppel.

parties because the fifth amended complaint was filed more than two years after Mr. Grady's death.

The discover rule "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). Pursuant to this rule, a cause of action accrues when the plaintiff discovers that "he has been *injured* and who *caused* the injury." *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n et al.*, 377 F.3d 682, 688 (7th Cir. 2004) (*quoting United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000)) (emphasis in original). Moore alleges that based upon two independent autopsies, one conducted by the Cook County Medical Examiner's Office and a second by a private pathologist, he originally believed the cause of Mr. Grady's death was a heart attack. (R. 96, Pl.'s Resp. at 7.) Moore states that it did not became clear until "well into discovery when the Plaintiff came into actual knowledge that his father died from the wrongful acts of the Defendants, not from natural causes." (*Id.*) He further alleges that Defendants were actively involved in concealing their involvement in Mr. Grady's death, preventing Moore from discovering the wrongful death cause of action prior to the expiration of the two year statute of limitations. (*Id.* at 12.) Moore's factual allegations, even though they do not point to a specific date of discovery of the additional defendants' wrongdoing, are sufficient to establish a defense to the statute of limitations if proven. *Compare Clark*, 318 F.3d at 768 (holding that the plaintiff's reply to the defendant's motion to dismiss, which did not allege a specific date of discovery, was still sufficient to establish a potential defense to the statute of limitations).

## B.    Equitable Estoppel

In addition, Moore has alleged sufficient facts that, if proven, would establish a defense to the statute of limitations under the equitable tolling doctrine.   The doctrine of equitable tolling

> permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing.' Application of the doctrine is appropriate, for example, when a plaintiff has 'been injured and known [sic] he was injured, at which point the statute of limitations began to run, yet have been unable despite all reasonable diligence to learn . . . the wrongdoer's identity.'

*Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 561-562 (7th Cir. 1996) (internal citations omitted).

Immediately after his father's death, Moore interviewed the medical examiner personnel and attempted to interview officers at the police station.   Unsatisfied with the answers he received, he himself paid for a second private autopsy.   (R. 96, Pl.'s Resp. at 10-14.)   Still unsatisfied, Moore filed suit in order to use the discovery process to issue dozens of subpoenas and conduct nearly twenty depositions.   (*Id.* at 22-26.)   Many of the requested documents, however, were not immediately tendered.   (*Id.* at 23.)   Therefore, despite the exercise of due diligence, Moore was unable to obtain evidence of defendants' wrongdoing until more than two years after Mr. Grady's death.   Thus, Moore has alleged sufficient facts both in his complaint and response that, if proven, will establish an equitable tolling defense to the statute of limitations claim.   Dismissal under Rule 12(b)(6) is therefore inappropriate.

## CONCLUSION

For the reasons set forth above, the Court denies the Defendant's motion to dismiss.   (R. 92-1.) The parties are requested to exhaust all settlement possibilities for this controversy.   A

7

status hearing will be held in open court on February 16, 2005 at 9:15a.m.

ENTERED:

_Ruben Castillo_

**Judge Ruben Castillo**
**United States District Court**

**Dated:** February 13, 2005

8